**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

EMCYTE CORP.,

    Plaintiff,

v.                                                                            Case No. 2:19-cv-00769-JES-NPM

APEX BIOLOGIX, LLC *et al*.,

    Defendants.
_____/

**JOINT MOTION FOR ENLARGEMENT OF CERTAIN DEADLINES**

Plaintiff EmCyte Corp. ("EmCyte") and Defendant Apex Biologix, LLC ("Apex"), by and through their undersigned attorneys, pursuant to Federal Rule of Civil Procedure 6(b), respectfully move the Court for an enlargement of certain deadlines, and state as follows:

**I.     Background**

On January 9, 2020, the parties' counsel conducted their Case Management Conference pursuant to Local Rule 3.05(c)(2)(B) and the Court's Order. *See* Doc. 23 (permitting the parties to "conduct their Rule 26(f)(2) discovery-plan meeting via telephone"). That same day, EmCyte served discovery requests. On January 23, 2020, the parties filed their Case Management Report ("CMR") that included several stipulations, and also attached a Protective Agreement. *See* Doc. 25. Since then, counsel for EmCyte and Apex had multiple conference calls to advance discovery.

Defendants XLMedica, Inc. and Anna Stahl each filed petitions for bankruptcy, and this Court stayed the action as to these defendants only until such time as the Bankruptcy Court lifts the stay or the stay lapses. *See* Doc. 37, ¶ 1; Doc. 39, ¶ 1. Pursuant to the Court's Order

Page **1** of **5**

(Doc. 37, ¶ 4), notice was provided indicating counsel for EmCyte and Apex agreed to advance this case. Doc. 40, ¶ 4. The notice also stated that EmCyte intends to file motions with the Bankruptcy Court to modify the stay in order to proceed against all defendants. *Id.*, ¶ 1.

On March 18, 2020, the Court permitted Apex's initial counsel to withdraw as counsel. *See* Doc. 45.

## II. Legal Standard

Courts have broad discretion in the management of their dockets. *See, e.g., Kelsey v. Withers*, 718 F. App'x 817, 820-21 (11th Cir. 2017); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Rule 6(b) permits the extension of a deadline for good cause "if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A).

## III. The Requested Modification Would Not Prejudice Any Party, and Would Comply With The Court's Two-Year Trial Deadline

Inasmuch as this action is currently stayed against Defendants XLMedica, Inc. and Anna Stahl, this enlargement of time jointly requested by EmCyte and Apex will not prejudice any of the parties. Further, the requested four-month modification complies with Local Rule 3.05(c)(2)(E), which sets forth "the goal of the court that a trial will be conducted in all Track Two Cases within two years after the filing of the complaint." This action was filed by EmCyte on October 23, 2019 (*see* Doc. 1), and the trial term is current scheduled to begin June 1, 2021. *See* Doc. 29, at 2.

## IV. There Is Good Cause For The Requested Enlargement Of Time

### A. The Forthcoming Document Production Is Good Cause For An Extension Of The April 15, 2020 Deadline To Amend Pleadings and Add Parties

EmCyte has diligently sought discovery from Apex, and Apex is in the process of

producing ESI based on keyword searches. EmCyte is working with Apex to identify and review additional documents before fully evaluating whether additional parties or claims must be added to this case. The pleadings are not closed, and the current deadline to amend pleadings and add parties is April 15, 2020. *See* Doc. 29, at 1. Accordingly, EmCyte seeks to extend this deadline because it should be permitted time and opportunity to review Apex's owing production prior to determining whether to amend its pleading to add any parties or claims. A period of four months to allow for the production and review of documents, and to resolve any outstanding discovery issues, is reasonable. Apex does not object to this reasonable enlargement of time.

## B. The Temporary Stay Against Defendants XLMedica and Anna Stahl Is Good Cause For An Extension Of The Remaining Deadlines

As suggested in its notice, EmCyte still hopes that the Bankruptcy Court will lift the stay against Defendants XLMedica, Inc. and Anna Stahl. Doc. 40, ¶ 1. Nonetheless, until such time that the stay is lifted, EmCyte and Apex have agreed to diligently advance this case. *See id.*, ¶ 4. The four-month extension would provide Defendants XLMedica, Inc. and Anna Stahl with an opportunity to conduct their own discovery if the stay is lifted. The trial term should necessarily be extended in order to provide the Court with the requisite 4-months between the dispositive motions deadline and trial. *See* Doc. 6, at p. 5.

## C. The Assignment Of Apex's New Counsel, And The Challenges Caused By The COVID-19 Pandemic, Further Support The Requested Extensions

Apex's current counsel appeared in this action on March 17, 2020. *See* Docs. 41-43. As a result of the substitution of counsel, Apex required additional time to produce documents and information responsive to EmCyte's discovery requests. As a result of the Coronavirus

crisis, counsel for both parties are currently working from home and working diligently to balance their personal and professional obligations without the full support and efficiencies which are typically available during normal circumstances. The undersigned have made the necessary adjustments to deal with these unprecedented challenges, and do not anticipate any further delays in this action.

## V.      Conclusion

This joint motion is being filed in good faith, and not for the purposes of delay. For good cause shown, EmCyte and Apex respectfully request that the current deadlines set forth in the Case Management and Scheduling Order (Doc. 29) be extended by four months.

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned certifies that counsel for EmCyte and counsel for Apex have conferred about the relief sought in this motion, and that EmCyte and Apex agree on the requested enlargement of time.

Dated: April 15, 2020                                      Respectfully submitted,

| | |
|---|---|
| */s/ Stephen J. Leahu*_____ | */s/ Terence M. Mullen*_____ |
| Alejandro J. Fernandez (FBN: 32221) | Scott W. Atherton (FBN: 749591) |
| Stephen J. Leahu (FBN: 0054037) | L. Martin Reeder, JR. (FBN: 308684) |
| **Akerman LLP** | Terence M. Mullen (FBN: 191957) |
| 401 E. Jackson Street, Suite 1700 | **Atherton Galardi Mullen & Reeder PA** |
| Tampa, FL 33602 | 224 Datura Street, Suite 815 |
| alejandro.fernandez@akerman.com | West Palm Beach, Florida 33401 |
| stephen.leahu@akerman.com | scott@athertonlg.com |
| Telephone No.: (813) 209-5055 | martin@athertonlg.com |
| Telefacsimile No.: (813) 218-5413 | terence@athertonlg.com |
| | e-service@athertonlg.com |
| | Telephone: (561) 293-2530 |
| | Facsimile: (561) 293-2593 |
| *Counsel for Plaintiff* | *Counsel for Defendant Apex Biologix* |

**CERTIFICATE OF SERVICE**

      I HEREBY certify that on April 15, 2020, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system.

                                            */s/ Stephen J. Leahu*
                                            Stephen J. Leahu