UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.: 2:19-cv-00769-JES-NPM

EMCYTE CORP.,

    *Plaintiff*,

v.

APEX BIOLOGIX, LLC, *et al.*,

    *Defendants*.

_____ /

**DEFENDANTS XLMEDICA AND ANNA STAHL'S MOTION TO STAY RULING ON PLAINTIFF'S MOTIONS TO COMPEL PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS**

    Defendants, XLMedica and Anna Stahl (hereafter "XLMedica and Stahl" or "Defendants"), by and through undersigned counsel, hereby move the Court for entry of an order staying any ruling on Plaintiff's Motion to Compel until resolution of Defendants' Motion to Dismiss, which motion is likely to be case dispositive.

**MEMORANDUM OF LAW**

    **I.**    **Preliminary Statement**

    Defendants seek an order from this Court staying a ruling on Plaintiff's Motion to Compel, which prevents a disputed discovery issue which will likely be resolved when Defendants' Motion to Dismiss is granted. It serves the interests of judicial economy and conserving costs and expenses for all parties to stay ruling on the Motion to Compel, because Defendants Motion to Dismiss will likely resolve all substantive issues in this case.

## II. A stay of ruling on the Motion to Compel is appropriate because the Motion to Dismiss will render it moot.

As a case dispositive motion, Defendants Motion to Dismiss will, when granted, render Plaintiff's Motion to Compel moot. No discovery will proceed once Plaintiff's deficient Second Amended Complaint is dismissed because there will be no outstanding claims to resolve. Therefore, there will be no need to further address Plaintiff's Motion to Compel.

Staying ruling on Plaintiff's Motion to Compel will serve the interests of judicial economy by avoiding diverting judicial resources to matters which will be resolved by virtue of the Motion to Dismiss. The Court can reasonably hold off resolving what will ultimately prove to be a superfluous motion and in so doing direct its attention and resources toward other disputed matters. Therefore, it is appropriate to stay ruling on Plaintiff's Motion to Compel.

## III. Defendants' Motion to Dismiss has a significant probability of being granted, rendering Plaintiff's Motion moot.

Defendants' Motion to Dismiss has a significant probability of being granted because it is readily apparent from Plaintiff's Second Amended Complaint that Plaintiff has failed to actually allege facts which, if true, actually show wrongful conduct on the part of Defendants for which Plaintiff is entitled to redress. Plaintiff has failed to allege facts which actually show that Defendants have infringed upon its claimed trademarks because the marks to which Plaintiff alleges an exclusive right are not even alleged to have been used by Defendants. Moreover, to the extent that Plaintiff's claim is predicated upon the bare use of the term "PURE PRP", Plaintiff has failed to allege facts which could show that Plaintiff has acquired any

2

exclusive right to use of those descriptive words, which can only acquire legal protection if they have gained a secondary, special meaning associating them with Plaintiff. Plaintiff has not alleged facts which tend to show that this occurred, instead merely alleging in a conclusory fashion that Plaintiff has used the terms and therefore has gained rights in them. This is not enough as a matter of law to state a claim.

Given the high probability, in light of the deficiencies of Plaintiff's Second Amended Complaint, that the Motion to Dismiss will be granted, there is substantial justification to stay ruling on Plaintiff's Motion to Compel.

### IV.     Any prejudice to Plaintiff is outweighed by the probability that the Motion to Dismiss will be granted.

Plaintiff is unlikely to suffer any meaningful prejudice from a stay of its Motion to Compel because that motion will be rendered moot upon the granting of Defendants' Motion to Dismiss. At worst, Plaintiff would have to await a ruling on the Motion to Compel until the Motion to Dismiss is resolved, which is a *de minimus* burden if it is one at all. Given the high probability that Defendants' Motion to Dismiss will be granted, any minor inconvenience to Plaintiff is clearly outweighed by the interests of resolve the case dispositive motion and conserving judicial resources. Therefore, Plaintiff's Motion to Compel should be stayed.

### V.     Conclusion

As there is a substantial likelihood that Defendants Motion to Dismiss will be granted, it is appropriate to stay Plaintiff's Motion to Compel pending the resolution of the Motion to Dismiss. Plaintiff is not likely to suffer anything more than a minor inconvenience of waiting for the Motion to Dismiss to be resolved before a ruling on its motion is made. Given the fact

that Defendants Motion to Dismiss is highly likely to be granted, any burden on Plaintiff is minimal and far outweighed by the benefits of conserving the resources of both the courts and the parties.

Therefore, Defendants respectfully request that the Court issue an order staying any ruling on Plaintiff's Motion to Compel pending resolution of Defendants' Motion to Dismiss.

### Certification of Local Rule 3.01(g) Consultation

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that Defendants' counsel has conferred with Plaintiff's counsel concerning Defendants' Motion to Stay Ruling on Plaintiff's Motion to Compel and, despite good faith efforts, has been unable to reach a resolution of the dispute.

Dated: September 18, 2020.

Respectfully Submitted,

**CALLAGY LAW, P.C.**

/s/ Brian A. Williamson
**Michael J. Smikun, Esq.** (*pro hac vice*)
**Brian A. Williamson, Esq.** (*pro hac vice*)
**Jeffrey L. Greyber, Esq.**
Florida Bar No. 41103
1900 N.W. Corporate Blvd., Ste 310W
Boca Raton, Florida 33431
(561) 405-7966 (o); (201) 549-8753 (f)
msmikun@callagylaw.com
bwilliamson@callagylaw.com
jgreyber@callagylaw.com
hcasebolt@callagylaw.com
*Attorneys for Stahl and XLMedica, Inc.*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 18, 2020, I electronically filed the foregoing documents with the Clerk of the Court by using CM / ECF. I also certify that the foregoing document is being served this day on all counsel of record *via* Notices of Electronic Filing generated by CM / ECF, and *via* emails to defense counsel of record.

/s/ Brian A. Williamson
**Brian A. Williamson, Esq.**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Case No.: 2:19-cv-00769-JES-NPM

EMCYTE CORP.,

    *Plaintiff*,

v.

APEX BIOLOGIX, LLC, *et al.*,

    *Defendants*.

_____ /

## ORDER GRANTING DEFENDANTS MOTION TO STAY RULING ON PLAINTIFF'S MOTION TO COMPEL PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS

THIS CAUSE came before the Court on the September 18, 2020, Defendants Motion to Stay Ruling on Plaintiff's Motion to Compel Pending Resolution of Defendants' Motion to Dismiss. The Court's having considered the Motion and all other relevant factors, it is hereby ORDERED AND ADJUDGED that:

The Motion is GRANTED. Plaintiff's Motion to Compel is hereby stayed, pending resolution of the Motion to Dismiss.

      DONE AND ORDERED in Chambers at _____, Florida, this _____ day of _____.

_____
United States District Judge

Copies Furnished To: All Counsel of Record