UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMCYTE CORP.,

    Plaintiff,

v.                         Case No: 2:19-cv-769-JES-NPM

XLMEDICA, INC., and
ANNA STAHL,

    Defendants,

_____

XLMEDICA, INC., and
ANNA STAHL,

    Counter-Plaintiffs,

v.

EMCYTE CORP.,

    Counter-Defendant,

And

PATRICK PENNIE,

    Third Party-Defendant.

_____

## **OPINION AND ORDER**

This matter comes before the Court on review of plaintiff's Motion to Strike Defendants' Second Amended Fourth and Sixth Affirmative Defenses (Doc. #185) filed on March 11, 2022. Defendants/Counter-Plaintiffs filed a Response in Opposition (Doc.

#188) on March 25, 2022. For the reasons set forth below, the motion is denied.

I.

Plaintiff EmCyte Corporation's (Plaintiff or EmCyte) Second Amended Complaint (Doc. #22) asserts five trademark-related[1] causes of action against defendants/counter-plaintiffs XLMedica, Inc. and Anna Stahl (collectively Defendants). The bases of the claims are Plaintiff's blood concentrating systems — PURE PRP® SupraPhysiologic (PURE PRP) and PURE BMC™ SupraPhysiologic (PURE BMC) and their respective trademarks. (Id., pp. 17-23.)

Defendants filed an Amended Answer and Counterclaim With Demand For Jury Trial and Injunctive Relief (Doc. #123), which included among other things nine affirmative defenses. (Id., pp. 12-13.) In August 2021, Plaintiff filed an Omnibus Motion to Dismiss Amended Counterclaims, and requested that the Court strike, in part, all nine of Defendants' affirmative defenses. (Doc. #124, pp. 12-13.) On February 9, 2022, the Court issued an Opinion and Order, granting in part and denying in part Plaintiff's Omnibus Motion. EmCyte Corp. v. XLMedica, Inc., 2:19-CV-769-JES-

---

[1] The Second Amended Complaint asserts a sixth cause of action for breach of contract against defendant Apex Biologix, LLC. (Doc. #22, p. 23.) However, Plaintiff filed a Notice of Voluntary Dismissal as to defendant Apex (Doc. #63), which the Court approved on July 28, 2020. (Doc. #65.) Accordingly, only the first five causes of action in the Second Amended Complaint remain.

2

NPM, 2022 WL 394392, at *1 (M.D. Fla. Feb. 9, 2022); (Doc. #176.) In doing so, the Court concluded for various reasons that all of Defendants' affirmative defenses, except the second affirmative defense, should be stricken. (Id., pp. 11-18, 28.) Defendants were provided an opportunity to file a second amended pleading. (Id., p. 29.)

On February 25, 2022, Defendants filed their Second Amended Affirmative Defenses and Second Amended Counterclaim (Doc. #179), which pleads among other things seven affirmative defenses. (Id., pp. 2-4.) Plaintiff now seeks to strike the second amended fourth and sixth affirmative defenses because they violate Federal Civil Procedure Rule 8(c). (Doc. #185, p. 2.) Defendants respond that Plaintiff's motion should be denied because it was filed two days late and because Plaintiff has failed to show that the fourth and sixth affirmative defenses are patently frivolous or clearly invalid as a matter of law. (Doc. #188, pp. 3, 5-6.)

**II.**

**A. Timeliness of Plaintiff's Motion To Strike**

As a threshold matter, Defendants argue that Plaintiff's motion is untimely, and thus Plaintiff waived its ability to file such a motion. (Doc. #188, p. 5.) According to Defendants, they filed their Second Amended Affirmative Defenses and Counterclaim on February 23, 2022 and served Plaintiff (via CM/ECF) on the same day. (Doc. #178.) However, on February 24, 2022, the Clerk of

Court advised Defendants that they needed to refile the amended pleading to correct the "Counterclaim" CM/ECF event (rather than the "Amended Document" CM/ECF event) for docketing purposes. (Doc. #188, p. 5.) They complied with the Clerk's request and refiled their amended pleading on February 25, 2022, but with the original February 23, 2022 service date.  (Doc. #179, p. 20.) In accordance with the original service date (February 23rd), Defendants argue that Plaintiff should have filed its motion no later than March 9, 2022, but instead belatedly filed on March 11, 2022.

In its motion, Plaintiff states that "[f]or reasons that are unclear, Defendants filed duplicate pleadings (ECF 178 and ECF 179) on different dates. Given the duplicate filings, it is apparent that the latter-filed pleading renders the former-filed pleading moot." (Doc. #185, p. 1 n.1.) Plaintiff therefore filed its motion in response to the latter-filed February 25th amended pleading. (Id.) Defendants assert that if Plaintiff had simply reviewed the text of the docket entries, as modified by the Clerk, it would have been apparent as to why they refiled their amended pleading.  (Doc. #188, p. 5 n.2.)

Whatever confusion existed was created by Defendants' docketing.  Defendants have not alleged that the two-day delay has prejudiced them in any way.  Accordingly, the Court will consider the merits of Plaintiff's motion.

### B. Affirmative Defenses

Plaintiff seeks to strike the second amended fourth and sixth affirmative defenses because they fail to provide fair notice and are impermissible shotgun pleadings. (Doc. #185, pp. 4-6.) Defendants assert each affirmative defense is adequately pled.

There is a split of authority as to the proper pleading standard for affirmative defenses. See Erdogam v. Suntree Country Club. Inc., No. 6:14-cv-1991-Orl-41DAB, 2015 U.S. Dist. LEXIS 183779, at *5 (M.D. Fla. Feb. 10, 2015) ("There is a split of authority within this District and the Eleventh Circuit over whether the standard of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), applies to affirmative defenses."). In an apparent effort to cover all the bases, the undersigned has issued orders adopting both (inconsistent) standards. Compare Colon v. Wal-Mart Stores, Inc., 2:13-CV-464-FTM-29, 2014 WL 1588463, at *1 (M.D. Fla. Apr. 21, 2014) ("Affirmative defenses must follow the general pleading requirements contained in Rule 8 of the Federal Rules of Civil Procedure.") and EmCyte Corp. v. XLMedica, Inc., 2:19-CV-769-JES-NPM, 2022 WL 394392, at *4 (M.D. Fla. Feb. 9, 2022)(same) with Am. Mariculture, Inc. v. Syaqua Americas, Inc., 2:20-CV-711-JES-MRM, 2021 WL 3732915, at *2 (M.D. Fla. Aug. 24, 2021)(adopting a "no

5

possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party" standard).

The second amended fourth affirmative defense alleges that "Plaintiff abandoned any rights in the purported marks by failing to prevent extensive use of same by third parties without license or permission on and in connection with numerous products." (Doc. #179, p. 2, ¶ 4.) The second amended sixth affirmative defense alleges the following:

> 6. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.
>
> 7. The doctrine of unclean hands provides that a party must come with clean hands or else all requested relief will be denied regardless of the merits of the party's claim. Unclean hands are tantamount to unscrupulous practices, overreaching, concealment, trickery or other unconscientious conduct.
>
> 8. Plaintiff is deliberately misusing its trademarks, state and federal registrations, and/or this proceeding, where it is not justified to do so and for an ulterior motive or purpose unrelated to the relief sought in the proceedings, including, for example, in an attempt to obtain an unfair advantage and/or to harass, intimidate and/or annoy the Defendants.

(Id., p. 3, ¶¶ 6-8.) The Court finds that each of these affirmative defenses have a possible relationship to each count of the controversy, will not confuse the issues, and will not otherwise prejudice an opposing party. Accordingly, each is sufficiently pled.

6

Accordingly, it is now

**ORDERED:**

Plaintiff EmCyte Corp.'s Motion to Strike Defendants' Second Amended Fourth and Sixth Affirmative Defenses (Doc. #185) is **DENIED.**

**DONE** AND **ORDERED** at Fort Myers, Florida, this __6th__ day of April, 2022.

_/s/ John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

7