UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMCYTE CORP.,

    Plaintiff,

v.                          Case No:  2:19-cv-769-JES-NPM

XLMEDICA, INC., and
ANNA STAHL,

    Defendants,
_____

XLMEDICA, INC., and
ANNA STAHL,

    Counter-Plaintiffs,

v.

EMCYTE CORP.,

    Counter-Defendant,

And

PATRICK PENNIE,

    Third Party-Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on review of plaintiff's Expedited, Opposed Motion For Deferment of Defendants' Motion For Summary Judgment (Doc. #224) filed on September 20, 2022. Defendants/Counter-Plaintiffs filed a Response in Opposition (Doc. #236) on October 4, 2022, to which Plaintiff filed a Reply (Doc.

#241) on October 26, 2022.[1]  For the reasons set forth below, the motion is granted.

## I.

This action involves a suit for trademark infringement and a countersuit for tortious interference with advantageous business relationship between Plaintiff/Counter-Defendant EmCyte Corporation (Plaintiff or EmCyte) and Defendants/Counter-Plaintiffs XLMedica and Anna Stahl (collectively Defendants). (Doc. #22; Doc. #179.)  Plaintiff EmCyte's operative pleading, the Second Amended Complaint, brings claims against Defendants for trademark infringement and unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1114, § 1125(a), and Florida common law. (See Doc. #22.)

On September 13, 2022, Defendants filed a Motion for Summary Judgment, arguing they are entitled to a judgment as a matter of law that: (1) the common names "PURE PRP" and "PURE BMC" are not protectable as trademarks because they are generic or descriptive without secondary meaning; and (2) XLMedica's reference to "pure PRP" and "pure BMA" to identify the type of biologic that the

---

[1] The parties also filed Notices of Supplemental Authority. (Docs. ##230, 242.)

2

products offered could make it protected under the "fair use doctrine."[2] (Doc. #217).

On September 20, 2022, plaintiff EmCyte filed the current motion requesting that, pursuant to Federal Rule of Civil Procedure 56(d), the Court defer any response to dispositive motions until a time set in the Case Management Order, or at the earliest, four weeks after the close of discovery. EmCyte asserts that Defendants' motion for summary judgment is premature; that Defendants have spent the past two years flouting discovery obligations, which has led to extensive discovery motions and a sanctions motion now before the Court; that by filing a premature motion for summary judgment, Defendants have exploited the delays in resolution of such motions and have foreclosed EmCyte from preparing its claims and defenses; and that summary judgment before conclusion of discovery is improper given the intensely factual nature of trademark issues. (Id. pp. 1-5.)

Defendants respond that EmCyte has not shown entitlement to Rule 56(d) relief because it has failed to provide supporting affidavits (or even substantive explanations) to establish that

---

[2] Defendants state that the issue of whether the terms "PURE PRP" and "PURE BMC" are generic or descriptive without secondary meaning relates to their Fifth Affirmative Defense in EmCyte's trademark infringement suit against them, as well as Counts I and II of Defendants' Second Amended Counterclaims. (Doc. #217, p. 7 n.1.) Defendants "fair use doctrine" argument pertains to its Third Affirmative Defense. (Id., p. 7.)

the evidence sought by further discovery exists and that the specific facts sought are essential to resisting summary judgment. (Doc. #236, pp. 2-3.) Defendants contend that EmCyte should be deemed to have defaulted in missing its deadline for filing any memorandum in opposition to summary judgment, or should be required to file its opposition to the motion for summary judgment forthwith. (Id., p. 12.)

**II.**

Motions for summary judgment may only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." Jones v. City of Columbus, 120 F.3d 248, 253 (11th Cir. 1997) (citing Snook v. Tr. Co. of Ga. Bank of Savannah, N.A., 859 F.2d 865, 870-71 (11th Cir. 1988). See also WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988); Cowan v. J.C. Penney Co., Inc., 790 F.2d 1529, 1532 (11th Cir. 1986) ("We have held that, generally, summary judgment is premature when the moving party has not answered the opponent's interrogatories.") (citation omitted).

4

Rule 56(d) permits a court to "defer" or "deny" a motion for summary judgment, allow additional time for discovery, or issue an appropriate order "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). To invoke rule 56(d), "a party 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts, but must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." Burns v. Town of Palm Beach, 999 F.3d 1317, 1334 (11th Cir. 2021)(citations and punctuation omitted.) The Eleventh Circuit has "not required a party to file an affidavit to receive protection under [Rule 56(d)] because, at times, justice requires postponing a ruling even where "'the technical requirements of Rule [56(d)] have not been met.'" Frazier v. Doosan Infracore Intern., Inc., 479 F. App'x 925, 931 (11th Cir. 2012) (quoting Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 570 (11th Cir. 1999)). The written representation by a lawyer, an officer of the court, "is in the spirit of Rule 56(f) [the former Rule 56(d)] under the circumstances. Form is not to be exalted over fair procedures." Littlejohn v. Shell Oil Co., 483 F.2d 1140, 1146 (5th Cir. 1973). Ultimately, the grant or denial

5

of a Rule 56(d) motion is within the sound discretion of the trial court. <u>Barfield v. Brierton</u>, 883 F.2d 923, 931 (11th Cir. 1989).

The Court finds no good reason to require a response to Defendants' motion for summary judgment prior to the completion of the discovery process, which has proven contentious in this case. Given the nature of EmCyte's trademark infringement claims and the positions of the parties, as reflected in the various papers filed with the Court, proper consideration of a summary judgment motion requires the completion of discovery rather than piecemeal treatment of dispositive motions. The Court finds that deferral of a response to the motion for summary judgment is appropriate. Plaintiff's motion is therefore granted.

Accordingly, it is now

**ORDERED:**

Plaintiff EmCyte Corp.'s Expedited, Opposed Motion For Deferment of Defendants' Motion For Summary Judgment (Doc. #224) is **GRANTED**. EmCyte shall file a response to Defendants Motion for Summary Judgment (Doc. #217) within two weeks after the close of discovery.

**DONE** AND **ORDERED** at Fort Myers, Florida, this ___7th___ day of November, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

7