UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**EMCYTE CORPORATION**,

    Plaintiff,

v.    2:19-cv-769-JES-NPM

**XLMEDICA, INC.**, and **ANNA STAHL**,

    Defendants / Counterclaimants,

v.

**EMCYTE CORPORATION** and **PATRICK PENNIE**,

    Counterclaim Defendants.

### ORDER GRANTING MOTIONS TO SEAL

As a trademark-infringement and tortious-interference action between entities that compete for the same business, this case naturally involves commercially sensitive and proprietary data that they traditionally hold in confidence. The matter has reached the summary-judgment stage, and the parties request that we allow them to file under seal some such exhibits to their *Daubert* and summary-judgment motions. In compliance with Local Rule 1.11(c),[1] the parties have identified the

---

[1] Local Rule 1.11(c) provides as follows:
    If no statute, rule, or order authorizes a filing under seal, a motion for leave to file under seal:
    (1) must include in the title "Motion for Leave to File Under Seal";
    (2) must describe the item proposed for sealing;
    (3) must state the reason:
        (A) filing the item is necessary,

items, and they have explained why their filing is necessary, why sealing them is necessary, and why something other than sealing—such as the use of redactions—would be inappropriate.

Accordingly, the parties' unopposed motions for leave to file under seal (Docs. 325 and 330) are **GRANTED**. John G. Plumpe's expert report, Jamie Winkler's expert report, Winkler's deposition transcript, and the documents identified as Exhibits A-D to the Wholesale Distribution Agreement, as well as the Agreement itself, will be held under seal. Likewise, the pricing and other business documents identified as Exhibits L-2 and M to the memorandum filed in response to the counterclaim defendants' motion for partial summary judgment will be held under seal.

By **April 30, 2024**, the parties shall deliver to the **Clerk's Office** an envelope with the caption of the case. The envelope will contain a copy of this order and a flash drive with separate files for each sealed item in searchable PDF format. The

---

      (B) sealing the item is necessary, and
      (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory;
  (4) must propose a duration of the seal;
  (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;
  (6) must include a legal memorandum supporting the seal; but
  (7) must not include the item proposed for sealing.

M.D. Fla. R. 1.11(c). The parties are advised that a substantially rewritten version of this rule will become effective April 1, 2024.

name of each PDF file must include the pinpoint CM/ECF document number for the corresponding placeholder PDF file currently on the docket. The Clerk will upload these items under seal on CM/ECF as replacements for the placeholder PDF files and return the flash drive to the sender. These documents shall remain under seal for the duration of this action and any appeal thereto, and until any order lifting the seal is entered.

**ORDERED** on March 28, 2024

_____
NICHOLAS P. MIZELL
United States Magistrate Judge